IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY SMITH,
   Plaintiff,
     v.

CITY OF ATLANTA, GEORGIA, et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-765-TWT

ORDER

This is a civil rights action. It is before the Court on Defendant Roosevelt Foreman's Motion to Dismiss the Amended Complaint [Doc. 43]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Defendant's Motion.

I. Background

The Plaintiff, Tony Smith, was a student at Grady High School in Atlanta, Georgia, on October 6, 2009. That morning Smith was near the school bus when money was stolen from a student's wallet. (Am. Compl. ¶ 6.) Smith claims that he did not commit the theft but was merely a witness. (Id.) The Defendants claim that a witness identified Smith and another student as the perpetrators of the theft [Doc.

10, at 2]. On the morning of October 7, 2009, Smith claims that he was handcuffed and forcibly removed from class by Atlanta Police Officers Larry Bennett and Charles Brown, Grady Assistant Principal Roosevelt Foreman, and other school administrators. (Am. Compl. ¶ 8.) Smith claims that he was placed in a small room and questioned by Foreman about the bus incident. (Am. Compl. ¶ 10.) Foreman sought and obtained a written statement from the Plaintiff, while the officers were present. (Id.) Smith remained in that same small room for the rest of the school day, handcuffed to a file cabinet and chair for approximately seven hours. (Am. Compl. ¶ 19.) Smith contends that "Defendant Foreman directed Defendant Bennett to handcuff Mr. Smith to the filing cabinet" and Foreman "sought to ensure that Mr. Smith would remain detained for the entire school day." (Am. Compl. ¶ 17.)

The Atlanta Citizens Review Board investigated the incident in response to Smith's request. The Board found that Defendants Brown and Bennett violated Atlanta Police Department Standard Operating Procedures by detaining Smith for an unreasonable amount of time, not transporting him themselves to the juvenile detention facility, and handcuffing Smith to a filing cabinet. (Compl., Ex. 3.) Defendant Turner, the head of the City of Atlanta Police Department, responded to the Board's letter by acknowledging violations due to holding Smith at the school for an unreasonable amount of time and handcuffing Smith to a filing cabinet. (Compl., Ex.

4.)

Smith filed the Complaint in this Court on March 11, 2011, against the City of Atlanta, the Atlanta Police Department, Police Chief George Turner (individually and in his official capacity), Officer Charles Brown (individually and in his official capacity), Officer Larry Bennett (individually and in his official capacity), Atlanta Independent School System Superintendent Beverly Hall (officially), individual members of the City of Atlanta Board of Education (officially), and Roosevelt Foreman (individually and in his official capacity). On September 27, 2011, the Court dismissed the Plaintiff's claims against the City of Atlanta, the Atlanta Police Department, Turner, Hall, and individual members of the City of Atlanta Board of Education [Doc. 19]. The Court granted the Plaintiff's Motion for Leave to File an Amended Complaint on January 18, 2012 [Doc. 33]. On February 15, 2012, the Plaintiff filed the Amended Complaint [Doc. 37]. On February 29, 2012, Defendant Foreman filed this Motion to Dismiss the Amended Complaint [Doc. 43].

## II.   Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a

plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III.  Discussion

The Plaintiff waives all claims against Defendant Foreman except the claim that Foreman violated the Plaintiff's Fourth Amendment rights by his actions relating to the length of the Plaintiff's detention. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 8-9.) All claims waived by the Plaintiff are dismissed. The Plaintiff seeks money damages from Foreman in his individual capacity pursuant to 42 U.S.C. § 1983.

### A. Bystander Liability

To establish a Section 1983 violation, the Plaintiff must show (1) conduct committed by a person acting under color of state law (2) that deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996). The Plaintiff argues that, according to the theory of bystander liability, Defendant Foreman committed "conduct" as required by prong 1 of the Duke test by not acting. Under this bystander liability theory, the Plaintiff argues that Foreman can be found liable for violating his Fourth Amendment rights by not acting to end his prolonged detention by Officers Bennett and Brown. "The concept of bystander liability is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Randall v. Prince George's Cnty., Md., 302 F.3d 188, 203 (4th Cir. 2002). "Therefore, if a bystanding officer (1) is confronted with a fellow officer's illegal act, (2) possesses the power to prevent it, and (3) chooses not to act, he may be deemed an accomplice and treated accordingly." Id. (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)).

Foreman was an assistant principal at Grady High School during the incident in question, not a police officer, and thus he argues that bystander liability does not apply to him. The Court disagrees. In school settings, the Fourth Amendment's

mandates apply to school officials as well as police officers. See New Jersey v. T.L.O., 469 U.S. 325 (1985) (holding that the Fourth Amendment applies to searches by school officials). Assistant principals share law enforcement responsibilities with police officers in the school setting. Therefore, the Court finds that in the school setting, bystander liability for Fourth Amendment violations may be applied to school officials as well as police officers. Foreman also argues that bystander liability only applies to unreasonable force cases. The Court disagrees. While often involving excessive force claims, bystander liability theory is not limited to such claims. Randall, 302 F.3d at 204 n.23 (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994)).

Having determined that bystander liability may apply to a school official witnessing an unreasonably long detention in a school setting, the Court proceeds to apply the three-part Randall test to the case at bar. The Plaintiff's Amended Complaint satisfies all three prongs. First, the Plaintiff states that Foreman had knowledge of the seven-hour detention, claiming that "Defendant Foreman was aware at all times during the school day that Mr. Smith was detained to a filing cabinet" and "had visual contact with Mr. Smith throughout the school day." (Am. Compl. ¶ 16, 17.) Second, the Plaintiff asserts that Foreman had the power to prevent the prolonged detention. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 7.) The Plaintiff claims

that Foreman had the power to direct the Defendant officers to handcuff the Plaintiff to the filing cabinet. (Am. Compl. ¶ 17.) The Plaintiff further claims that Foreman thwarted steps to end the detention, such as preventing the officers from contacting the Plaintiff's mother so that she would not be able to pick the Plaintiff up from school. (Am. Compl. ¶ 17; Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 7.) Third, the Plaintiff claims that not only did Foreman choose not to act, but that he deliberately "sought to ensure that Mr. Smith would remain detained for the entire day." (Am. Compl. ¶ 17.)

### B.   Qualified Immunity

For the reasons set forth in the Court's previous Order, the Court has determined that qualified immunity for the length of Smith's detention is inappropriate at the Motion to Dismiss stage [Doc. 19, at 15].

### IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Defendant's Motion to Dismiss the Amended Complaint [Doc. 43].

SO ORDERED, this 13 day of April, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge