IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY SMITH,

   Plaintiff,

     v.

CITY OF ATLANTA, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-765-TWT

ORDER

This is a civil rights action. It is before the Court on Defendant Charles Brown's Motion for Summary Judgment [Doc. 64], Defendant Larry Bennett's Motion for Summary Judgment [Doc. 66], and Defendant Roosevelt Foreman's Motion for Summary Judgment [Doc. 68]. For the reasons set forth below, the Court GRANTS Defendant Brown's Motion for Summary Judgment, GRANTS Defendant Bennett's Motion for Summary Judgment, and GRANTS Defendant Foreman's Motion for Summary Judgment.

I. Background

The Plaintiff, Tony Smith, was a student at Grady High School in Atlanta, Georgia, on October 6, 2009. That morning Smith was near the school bus when

money was stolen from a student's wallet. (Am. Compl. ¶ 6.) A witness identified Smith and another student as the perpetrators of the theft [Doc. 10, at 2]. The next morning at 8:15 a.m., Smith was removed from class by Officers Brown and Bennett and a school administrator and questioned about the theft. (Smith Dep. at 34-35; Brown Dep. at 35; Foreman Dep. at 33-34.) The Plaintiff wrote a statement for Grady Assistant Principal Roosevelt Foreman, and was escorted from Foreman's office into a small room across the hall at 9:00 a.m. at the latest. (Brown Dep. at 21-23; Smith Dep. at 43; Foreman Dep. at 36-37.) The Plaintiff and another student were placed under arrest for robbery around 9:00 a.m. (Pl.'s Br. in Opp'n to Defs. Brown and Bennett's Mot. for Summ. J., at Ex. 1, item 43; Smith Dep. at 36; Brown Dep. at 20.) Following the investigation, Officers Brown and Bennett completed paperwork regarding the incident.

After the paperwork was completed, Officer Bennett requested a transport vehicle at 11:01 a.m. to take the Plaintiff and the other student to a juvenile facility. (Brown Dep. at 18; Bennet Dep. at 61-63; Sands Decl.; Def. Brown's Br. in Supp. of Brown's Mot. for Summ. J., at Ex. A.) There is only one vehicle for transport within the school detective unit. (Sands Decl. ¶ 12.) The Plaintiff was detained in a small meeting room to await transport. (Brown Dep. at 21-22.) The transport vehicle to pick up the Plaintiff and the other student was delayed. (Bennett Dep. at 62-64.) The

transport vehicle finally arrived at approximately 3:15 p.m. and transported the students to the juvenile facility. (Smith Dep. at 67.) During the 4 hour delay, the Plaintiff was allowed to use the restroom. He was partially uncuffed so that he could eat lunch. And he was allowed to keep and make calls on his cellphone. On a couple of occasions, the handcuffs were loosened to make the Plaintiff more comfortable. The Plaintiff stayed at the juvenile facility for 13 days before he was released. (Smith Dep. at 68.)

The Atlanta Citizens Review Board investigated the incident in response to Smith's request. The Board found that Defendants Brown and Bennett violated Atlanta Police Department Standard Operating Procedures by detaining Smith for an unreasonable amount of time, not transporting him themselves to the juvenile detention facility, and handcuffing Smith to a filing cabinet. (Compl., Ex. 3.) George Turner, the head of the City of Atlanta Police Department, responded to the Board's letter by acknowledging violations due to holding Smith at the school for an unreasonable amount of time and handcuffing Smith to a filing cabinet. (Compl., Ex. 4.)

Smith filed the Complaint in this Court on March 11, 2011 [Doc. 1]. The Court dismissed all defendants except for Officer Charles Brown, Officer Larry Bennett, and Roosevelt Foreman on September 27, 2011 [Doc. 19]. In that Order, the Court

dismissed all claims except for the Plaintiff's claim for an unreasonably long detention [Id.]. The Plaintiff seeks monetary damages for this alleged violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. At the conclusion of discovery, the Defendants again ask the Court to dismiss the claim for unreasonably long detention with these Motions for Summary Judgment.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

A.	Brown and Bennett's Motion for Summary Judgment

Section 1983 provides a private cause of action for persons whose rights under the federal Constitution have been violated under color of state law. 42 U.S.C. § 1983. The statute confers no substantive rights itself. Instead, it provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 394 (1989). To establish a section 1983 violation, plaintiffs must show (1) conduct committed by a person acting under color of state law (2) that deprived them of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); see also Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996). The Plaintiff alleges that his Fourth Amendment right to be free from an unreasonably long detention was violated by the Defendants.

Qualified immunity shields government officials executing discretionary responsibilities from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity is a question of law to be decided by the Court. The test for qualified immunity is one of "objective-reasonableness" in evaluating the conduct of the government official

claiming its protection.  "[A]ll but the plainly incompetent or those who knowingly violate the law" find protection in qualified immunity.  Id. (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)).

In Rich v. Dollar, 841 F.2d 1558 (11th Cir. 1988), the Eleventh Circuit adopted a two part analysis for assessing the qualified immunity defense.  First, the defendant public official must prove that he acted within the scope of his discretionary authority when the challenged conduct occurred.  If the defendant satisfies this part, the burden shifts to the plaintiff to show that the defendant public official's conduct violated clearly established law.  Id. at 1563-64.  In general, the Eleventh Circuit allows a broad and expansive scope of protection afforded by qualified immunity:

> That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities. . . Unless a government agent's act is so obviously wrong, in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit. Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity.

Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) (citations and footnotes omitted).  In Lassiter, the Eleventh Circuit expounded that for a law to be clearly established in the qualified immunity context, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise

a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*." Id. at 1150 (emphasis in original).  The Court will interpret the present case in light of the Eleventh Circuit's clear mandate of affording government agents broad protection for their discretionary acts.

Both parties agree that the Officers acted within the scope of their discretionary authority, so the Court considers whether their conduct violated clearly established Fourth Amendment law.  The Plaintiff argues that the Officers' actions were constitutionally deficient for two reasons: (1) the Officers delayed calling transport from 9:00 a.m. to 11:01 a.m.; and (2) the Officers failed to attempt known alternative methods to transport.

After the Plaintiff's arrest at 9:00 a.m., the Officers still had to confirm with the juvenile court that the Plaintiff was to be transported to their facility and complete paperwork for the juvenile court before calling to arrange transportation.  (Brown Dep. at 18-19.)  The Defendants must provide "an explanation" for the length of the detention, which they did.  Shelby Indus. Park, Inc. v. City of Shelbyville, No. 1:06-CV-1150DFH, 2008 WL 2018185, at *12 (S.D. Ind. May 9, 2008) (quoting Chortek v. City of Milwaukee, 356 F.3d 740, 746-48 (7th Cir. 2004)).  We do not know whether another officer could have completed these tasks in less than two hours

while using all deliberate haste, but that is not the standard with which the Court evaluates the Defendants' actions. The Officers taking two hours to complete these tasks did not violate clearly established constitutional rights of the Plaintiff.

The Officers called to arrange transportation at 11:01 a.m., and the vehicle did not arrive until 3:15 p.m. The transport was delayed as a result of a more urgent event taking place at another school. (Bennet Dep. at 62-64.) There is only one transport vehicle for the school detective unit's use. (Sands Decl. ¶ 12.) The Plaintiff contends that the Officers had another transport vehicle available to them–a police car with a screen. Again, the Fourth Amendment does not require the Officers to do everything in their power to minimize the length of detention. It was not constitutionally unreasonable for the Officers to decide not to leave the school and their other responsibilities at the school to personally drive the Plaintiff to the juvenile facility, when he would then simply be detained at the juvenile facility rather than the school. The Plaintiff has not cited, and the Court is not aware of, any law that clearly establishes that the Officers unreasonably detained the Plaintiff.

### B. Foreman's Motion for Summary Judgment

The Court did not dismiss all of the Plaintiff's claims against Assistant Principal Roosevelt Foreman on Foreman's Motion to Dismiss, holding that the Plaintiff had stated a claim for unreasonably long detention against Foreman pursuant to the

bystander liability doctrine [Doc. 50].  In order for the Plaintiff to establish a Fourth Amendment violation under bystander liability, he must show that (1) his constitutional rights were violated based on the length of the detention, (2) that Foreman had the power to prevent it, and (3) that he chose not to act.  <u>Randall v. Prince George's Cnty., Md.</u>, 302 F.3d 188, 203 (4th Cir. 2002).  For the reasons set forth above, the Plaintiff has not shown that his claim of a Fourth Amendment violation for unreasonably long detention can survive.  Therefore, Foreman cannot be held liable under a theory of bystander liability.  Furthermore, Foreman did not have the power to shorten the length of the detention.  He could not call to request transportation to the juvenile court. (Sands Decl. ¶ 19.)

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS Defendant Charles Brown's Motion for Summary Judgment [Doc. 64], GRANTS Defendant Larry Bennett's Motion for Summary Judgment [Doc. 66], and GRANTS Defendant Roosevelt Foreman's Motion for Summary Judgment [Doc. 68].

SO ORDERED, this 20 day of March, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge